# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CLEARVIEW IMAGING, LLC D/B/A
CLEARVIEW OPEN MRI,

    Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.
_____/

Class Action

Case No.: _____

State Court Case No. 19-CA-3886

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Progressive Select Insurance Company ("Progressive"), pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, as well as 28 U.S.C. §§ 1441 and 1446, and Local Rule 4.02, hereby removes to this Court the state court action described below.

### Background and Plaintiff's Allegations

1. This action was filed on April 12, 2019 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida as *Clearview Imaging, LLC v. Progressive Select Ins. Co.*, Case No. 19-CA-3886 (Fla. 13th Jud'l Cir.) (the "State Court Action").

2. Plaintiff filed this suit on behalf of itself and an unknown number of medical providers who treated patients insured under automobile insurance policies issued by

Progressive that included Florida No-Fault ("PIP") benefits.[1] These providers allegedly submitted medical bills to Progressive.

3. While Plaintiff does not dispute (for the purposes of this Action) that Progressive was permitted to reduce its payment of these bills based on the application of the schedule of maximum charges (the "Schedule") set forth in Fla. Stat. § 627.736(5)(a)1. (2012 to date) (Compl. ¶ 21), it challenges the application of that Schedule to reduce the amount of an insured patient's co-payment. (*Id.* at ¶¶ 22-23, 30). By statute, PIP coverage must cover: "[e]ighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, dental, and rehabilitative services . . . ." The remaining 20% is charged to the insured as a co-payment. *See* Fla. Stat. § 627.736(1)(a) (2012 to date); *Nationwide Mut. Ins. Co. v. Jewell*, 862 So. 2d 79, 86 (Fla. 2d DCA 2003). Plaintiffs alleges that Progressive's policy improperly suggests that the Schedule may be applied to reduce an insured's co-payment.

4. Based on this theory, Plaintiff asserts three claims against Progressive: class-wide declaratory relief (Count I) (Compl. ¶¶ 43-57); class-wide injunctive relief (Count II) (Compl. ¶¶ 58-65); class-wide breach of contract damages (Count III) (Compl. ¶¶ 66-72).

5. In Count I, Plaintiff requests declarations as to whether: (a) Progressive extended fee schedule limitations to the portion of the bill that applies to the insured patient's 20% coinsurance or co-payment; (b) Progressive lawfully limited the portion of the bill that applies to the insured patient's 20% coinsurance or co-payment; (c) the insurance policy lawfully extended a fee schedule method reduction to the insured patient's portion of the

---

[1] PIP benefits are governed by Fla. Stat. § 627.736 (2012 to date) and the applicable policy.

2

49493936;2

medical bill; and (d) Progressive assumed responsibility to indemnify its insured for disputed reductions. (Compl. ¶ 36(a)-(e).)

6. In Count II, Plaintiff requests injunctive relief requiring Progressive to stop extending the reimbursement limitations from the fee schedule to the portion of the medical bills paid by the insured patients. (Compl. ¶ 62.)

7. In Count III, Plaintiff seeks "damages against [Progressive] and in favor of the [Plaintiff] and/or Class under Count III, together with interest." (Compl. at p. 21.) Plaintiff also seeks to require Progressive to pay Plaintiff's "reasonable attorneys' fees and costs pursuant to Section 627.428." (*Id.*)

8. Pursuant to 28 U.S.C. § 1446(a), Progressive has attached: (a) a copy of the Complaint served upon it as **Exhibit 1**; and a copy of all other process and pleadings served on Progressive in the State Court Action as **Composite Exhibit 2**. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of the filing, a copy of which will be served upon all parties.

9. Progressive, the only defendant in this suit, was served with the Complaint on July 2, 2019. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

**This Court Has Jurisdiction Over This Action Under CAFA**

10. This action is removable to this Court, and this Court has jurisdiction over this action, under CAFA, 28 U.S.C. § 1332, 28 U.S.C. § 1441(a) and (b), and 28 U.S.C. §

1453, because this is a putative class action with more than 100 putative class members that are seeking to recover in excess of $5,000,000 in the aggregate, and there is minimal diversity.

11. Plaintiff seeks to bring this action on its own behalf and on behalf of a putative class comprised of:

> All persons and/or entities[2] who:
>
> (a)  are health care providers operating in the State of Florida;
>
> (b)  issued a medical bill for health care services provided to a patient who had PIP coverage under the Insurance Policy issued by [Progressive] during the 5-year time period prior to the filing of this complaint;
>
> (c)  own an assignment of benefits from said insured patient for insurance benefits associated with the medical bill; and
>
> (d)  received an "Explanation of Reimbursement" form from [Progressive] which purported to extend the Fee Schedule Method reduction to the portion of the medical bill that applies to the insured patient's 20% coinsurance or co-payment;

(Compl. ¶ 33.)

12. The Complaint seeks to certify a class pursuant to Fla. R. Civ. P. 1.220(b)(2) and (3). (Compl. ¶¶ 40-41.)

13. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expressly

---

[2]  Excluded from the Class "are any coinsurance or co-payment claims otherwise described above which: (a) have already been fully paid by the insured or [Progressive], or were otherwise satisfied through litigation or settlement or release; (b) were denied or reduced for any reason other than [Progressive's] purported application of the Fee Schedule Method to the portion of the medical bill that applies to the insured patient's 20% coinsurance or co-payment; and/or (c) are the subject of pending litigation against the insured patient or [Progressive] as of the date of any class certification order or other deadline established by the Court (hereinafter the 'Class')." (Compl. ¶ 33.)

provides that class actions filed in state court are removable to federal court. CAFA expands federal jurisdiction over class actions by amending 28 U.S.C. § 1332 to grant original jurisdiction where the putative class contains at least 100 class members; and any member of the putative class is a citizen of a State different from that of any defendant; and the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs. 28 U.S.C. § 1332(d).

14. This suit satisfies all the requirements under CAFA for federal jurisdiction: (1) the putative class exceeds 100; (2) some of the members of the proposed class have a different citizenship from Progressive; (3) the amount in controversy exceeds $5,000,000; and (4) the exceptions to CAFA do not apply here. *See* 28 U.S.C. § 1332(d).

### A. The Putative Class Exceeds 100

15. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is clearly met here. While Plaintiff does not identify the number of putative class members in its Complaint, Plaintiff alleges that "there are well over 400,000 traffic accidents per year in the State of Florida, and a significant percentage of those traffic accidents result in injuries" and therefore, Plaintiff alleges "a good faith reason to belief that, during the five-year time period described by the Class definition herein, there are more than enough similarly situated health care providers who are potential class members …" (Compl. ¶ 35.). A review of Progressive's records indicates that there are more than 10,000 unique billing providers (based on unique taxpayer identification numbers) implicated by the putative class as defined by Plaintiff. (**Exhibit 3**, Declaration of Michael D. Silver, (the "Declaration") at ¶ 5).

5

### B. There Is Minimal Diversity Sufficient to Establish CAFA Jurisdiction

16. The second CAFA requirement is at least minimal diversity—at least one putative class member must be a citizen of a different state than any one defendant. 28 U.S.C. § 1332(d)(2).

17. On information and belief and as set forth in the Complaint, Plaintiff is now, and was at the time of the filing of the Complaint, and at all times intervening, a citizen of Florida. (Compl. ¶ 3.) As set forth in the Complaint, Plaintiff is "a Florida professional association …" (*Id.*)

18. Progressive is now, and was at the time of the filing of the Complaint, and at all times intervening, an Ohio corporation and its principal place of business is in Ohio. Progressive is therefore considered to be a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

19. The proposed class is comprised of health care providers in Florida who submitted bills to Progressive for payment of medical services rendered to persons insured by Progressive for PIP coverage. As alleged in the Complaint, such benefits arise from Florida automobile insurance policies. For purposes of this Notice, Progressive must assume that the class is limited to those persons seeking benefits under Progressive's policies issued in the State of Florida. *See Julian v. Johnson*, 438 So. 2d 503, 505 (Fla. 5th DCA 1983) (Florida PIP coverage not afforded under policy issued in another state).

20. Thus, there is diversity here, as the Plaintiff (as well as the putative class members) are citizens of Florida and Progressive is a citizen of Ohio. Thus, this prerequisite of CAFA is met. 28 U.S.C. § 1332(d)(2).

## C. The CAFA Amount in Controversy Requirement of $5,000,000 Is Met

21. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

22. As the United States Supreme Court has held, Progressive's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).[3]

23. Here, based upon Plaintiff's allegations and theories (which Progressive disputes, but which control for removal purposes), Progressive plausibly alleges that the $5,000,000 CAFA amount in controversy requirement is satisfied.

24. Count III of the Complaint for breach of contract seeks damages against Progressive in connection with the alleged application of the Schedule to reduce the co-

---

[3] Progressive must show only that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). To meet that burden, a removing party can provide "specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations . . . . [A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. In meeting this burden, the removing party may present "affidavits, declarations, or other documentation." *Id.* at 755 (citations omitted); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal") (citations omitted); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

payment amounts associated with claims for PIP benefits for the period April 5, 2014[4] to the present, together with interest, and attorney's fees. (Compl. at p. 21.) The amount in controversy has thus been quantified by Plaintiff as Schedule reductions between April 12, 2014 to date to insured co-payments on claims for PIP benefits.

25. Based upon a review of Progressive's records, and as explained more fully in the Declaration, Progressive has demonstrated that the total amount of potential exposure far exceeds the five million dollar ($5,000,000) threshold and even exceeds 10 million dollars ($10,000,000). (Declaration, at ¶ 6.)

26. Thus, even ignoring the interest sought, the CAFA amount in controversy requirement is easily satisfied based on the damages sought in Count III of the Complaint alone.

27. In addition, Counts I and II of Plaintiff's Complaint seek declaratory and injunctive relief. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted); *see also Hartford Ins. Grp. v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002) (amount-in-controversy in an action for declaratory relief is "the value of the right to be protected or the extent of the injury to be prevented"). In the insurance context, the "value of the right to be protected is the [insurer's] potential liability under the policy, plus potential attorneys' fees, penalties, statutory damages and punitive damages." *Prime Ins. Syndicate,*

---

[4] The Class is limited to bills under policies issues during the five year period prior to the filing of Complaint, which is the applicable statute of limitations. (Compl. ¶ 33).

*Inc. v. Soil Tech Distributors, Inc.*, 2006 WL 1823562, at *3 (M.D. Fla. June 30, 2006) (quotations omitted).

28. Further, the value of the declaratory relief sought by Plaintiff in Count I necessarily includes the value of any recovery sought by Plaintiff because a declaration by this Court will establish how payments should have been calculated since 2013. *See, e.g., South Florida Wellness*, 745 F.3d at 1318.

29. Plaintiff has also requested an award of attorneys' fees. The Florida Insurance Code does provide for an award of attorneys' fees against insurance companies under certain circumstances. *See* Fla. Stat. § 627.428. Although Progressive disputes Plaintiff or the class are entitled to any such award, and dispute that the statute applies to the Plaintiff's or the class's claims as a matter of fact or law, for purposes of removal, Plaintiff's assertion of a statutory right to attorneys' fees is properly considered in ascertaining the amount in controversy. *See, e.g., Sheffield Woods at Wellington Condo. Ass'n v. Scottsdale Ins. Co.*, 2009 WL 2255219, at *1 (M.D. Fla. July 28, 2009) (denying motion to remand, finding amount in controversy met based in part on potential for attorneys' fees under Fla. Stat. § 627.428). Here, the possibility of attorneys' fees simply swells the amount in controversy and further demonstrates that the CAFA amount in controversy requirement is clearly met here.

30. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied.

### D. The Exceptions to CAFA Do Not Apply Here

31. CAFA provides two mandatory exceptions to the application of federal jurisdiction (both of which the Eleventh Circuit has labeled the "local controversy

9
49493936;2

exception"), and one discretionary exception. 28 U.S.C. § 1332(d)(3)-(4); *see also Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) (discussing the "local controversy exception"); *Gavron v. Weather Shield Mfg.*, 2010 WL 3835115, at *2-3 (S.D. Fla. Sept. 29, 2010). The burden of establishing the exceptions to CAFA rests not on Defendant, but rather on Plaintiff as the non-removing party. *Evans*, 449 F.3d at 1164 ("[W]hen a party seeks to avail itself of an express statutory exception to federal jurisdiction granted under CAFA, as in this case, we hold that the party seeking remand bears the burden of proof with regard to that exception."). In this case it is clear that none of these exceptions apply, and Plaintiff could not possibly meet its burden of establishing any exception.

**E.     This Action is Properly Removed**

32.     Accordingly, because the CAFA prerequisites are met and none of the exceptions applies, this case is properly removable under CAFA.

33.     The undersigned state that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purpose.

**WHEREFORE**, Progressive prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of the State Court Action to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: August 1, 2019

Respectfully submitted,

**AKERMAN LLP**

*/s/ Jason L. Margolin*
Irene A. Bassel Frick (FBN 158739)
Irene.basselfrick@akerman.com
Jason L. Margolin (FBN 69881)
jason.margolin@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: 813.209.5009
Fax: 813.218.5488

and

*/s/ Marcy Levine Aldrich*
Marcy Levine Aldrich (FBN 0968447)
marcy.aldrich@akerman.com
Trial Counsel
Ari H. Gerstin (FBN 0839671)
ari.gerstin@akerman.com
Ross E. Linzer (FBN 73094)
ross.linzer@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court and served on all persons listed on the Service List below via electronic mail on this 1st day of August, 2019.

/s/ Jason L. Margolin
Attorney

**SERVICE LIST**

J. Daniel Clark (FBN0106471)
Clark & Martino, P.A.
Primary E-mail: dclark@clarkmartino.com
Secondary E-mail: rsmith@clarkmartino.com
3407 W. Kennedy Boulevard
Tampa, FL 33609
Tel: 813-879-0700

David M. Caldevilla (FBN 654248)
de la Parte & Gilbert, P.A.
Primary email: dcaldevilla@dgfirm.com
Secondary email: serviceclerk@dgfirm.com
Post Office Box 2350
Tampa, Florida 33601-2350
Tel: 813-229-2775