## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CLEARVIEW IMAGING, LLC D/B/A
CLEARVIEW OPEN MRI,

        Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE
COMPANY,

        Defendant.

_____/

Class Action

Case No.: 8:19-cv-1881-MSS-AEP

### JOINT MOTION TO CONSOLIDATE

Plaintiff, Clearview Open MRI, LLC, and Defendant, Progressive Select Insurance Company ("Progressive Select"), jointly move, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate this action with another lawsuit currently pending before the Court, *Clearview Imaging, LLC v. Progressive American Ins. Co.,* Case No. 8:19-cv-1299-MSS-CPT (the "Progressive American Action"), because the two actions involve related Defendants and common questions of law and fact.  In the event that the Court grants this Motion, the Parties also move jointly to extend the deadline for the parties to file a Joint Scheduling Report and Joint Proposed Order for the consolidated actions.  In support of this Motion, the Parties state as follows:

### MEMORANDUM OF LAW

1.      The Progressive American Action was filed originally filed in state court on April 5, 2019, and was removed to this Court on May 30, 2019. (Case No. 8:19-cv-1299-

MSS-CPT, ECF No. 1-1).  An amended complaint has since been filed. (Case No. 8:19-cv-1299-MSS-CPT, ECF No. 19)

2.      This Action was originally filed in state court as against Progressive Select on April 12, 2019, and was removed to this Court on August 1, 2019.  (ECF No. 1-1).  The parties must currently meet and confer on a proposed case management report by September 3, 2019; and file a report by September 17, 2019.

3.      The complaints in both Actions seek to challenge the respective Defendants' alleged application of the schedule of maximum charges (the "Schedule") contained in the Florida No-Fault ("PIP") Statute, Fla. Stat. § 627.736(5)(a)1.(a)-(f) (2012 to date) to limit co-payment amounts.

4.      Both complaints seek relief on behalf of a class defined as:

All persons and/or entities who:

(a) are health care providers operating in the State of Florida;

(b) issued a medical bill for health care services provided to a patient who had PIP coverage under the Insurance Policy issued by the Insurance Company during the 5-year time period prior to the filing of this lawsuit;

(c) own an assignment of benefits from said insured patient for insurance benefits associated with the medical bill; and

(d) received an "Explanation of Reimbursement" form from the Insurance Company which purported to extend the Fee Schedule Method reductions to the portion of the medical bill that applies to the insured patient's 20% coinsurance or co-payment . . .

(Case No. 8:19-cv-1299-MSS-CPT, ECF No. 19 at ¶ 55; ECF No. 1-1 in this Action at ¶ 33).

49960708;1

5.      On behalf of these putative classes, the Plaintiffs in both actions bring counts for declaratory relief (Count I), injunctive relief (Count II), and breach of contract (Count III).

6.      Both actions are brought against related corporate entities.  The allegations as to how each entity allegedly improperly applied the Schedule in the PIP Statute are the functionally the same.

7.      The cases are both brought by the same medical provider Plaintiff, who provided medical resonance imaging ("MRI") services to insureds of Progressive American and/or Progressive Select.[1]

8.      Both cases are pending before the same Judge in this Court.  And Notices of Related Case have been filed in both cases.  Undersigned counsel (who are counsel for the parties in the Progressive American case) also represent that the parties in that case do not oppose the relief sought in this Motion.

9.      When two cases are pending before the same federal district court and they involve common questions of law and/or fact, the court has the discretion to consolidate them.  *See* Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.").

---

[1]      The Plaintiffs in both actions are not Defendants' policyholders.  Rather, the Plaintiffs all allege standing to sue based on assignments of benefits obtained from Defendants' insureds. (Case No. 8:19-cv-1299-MSS-CPT, ECF No. 19 at ¶¶ 31, 39 and 47 and Exs. C,E, and G); ECF No. 1-1 in this case at ¶ 27 and Ex. B).

10.     Consolidation is within the Court's "inherent managerial power" and is used "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).  The Eleventh Circuit has urged district courts to direct Rule 42(a) consolidation "in order to expedite the trial and eliminate unnecessary repetition and confusion[.]"  *Id*. at 1169 (internal marks omitted).

11.     Consolidation of this action with the Progressive American Action is appropriate because common issues of law and fact pervade the two cases.  The Plaintiffs are identical and represented by the same counsel in both actions.  The Defendants in each case are related corporate entities likewise represented by the same counsel.  Further, because the cases involve the same factual predicate – the allegedly identical conduct in applying the Schedule to co-payments – they will share many of the same witnesses and involve the same evidence.  Indeed, the PIP claims for both Defendants are handled by the same pool of claims personnel.

12.     Consolidation will also result in appreciable savings of time and resources for the Parties and the Court.  Not only are the legal issues functionally the same in each case, *supra*, but pretrial discovery will substantially overlap as the cases enjoy commonality in witnesses and documentary evidence.

13.     A case management report was already filed in the Progressive American Action. (Case No. 8:19-cv-1299-MSS-CPT, ECF No. 28).  And a scheduling order has issued

49960708;1

in the Progressive American Action.[2] (Case No. 8:19-cv-1299-MSS-CPT, ECF No. 32).  The Parties have not yet filed a case management report in this Action and no scheduling order has yet issued in this Action.

14.     In the event that this Court considers consolidating these actions, the Parties would seek an extension of time in which to file a new Joint Scheduling Report for both actions, whereby the Report will be due thirty-five (35) days following service of the Order consolidating this case and the Progressive American Action.  Such a report would address the scheduling of both actions on a consolidated basis going forward.

15.     This Motion is made in good faith and not for purposes of delay.  No party will be prejudiced by the granting of this Motion.

**WHEREFORE**, the Parties jointly request that this Court enter an order consolidating this action with the substantially related lawsuit now pending before this Court, Case No. 8:19-cv-1299-MSS-CPT, extending the time for the parties to file a Joint Scheduling Report for both consolidated actions until thirty-five (35) days after the service of the Court's Order on this Motion, and order such further relief as the Court deems just and proper.

---

[2]     In the event that the Court does not consider consolidating these matters, the Parties will seek a case management conference in the Progressive American case to address the Court's scheduling order (Case No. 8:19-cv-1299-MSS-CPT, ECF No. 32), as that order does not address the Court's prior order on the Plaintiff's motion to extend the time to file class certification briefing and/or other issues raised by the Parties in their case management report. (Case No. 8:19-cv-1299-MSS-CPT, ECF Nos. 17 and 28).

49960708;1

## **Rule 3.01(g) Certification**

Pursuant to Rule 3.01(g) of the Local Rules for the Middle District of Florida, the Parties have conferred and filed this Motion as a Joint Motion.

Dated: August 28, 2019

      Respectfully submitted,

| | |
|---|---|
| CLARK & MARTINO, P.A. | AKERMAN LLP |
| */s/ J. Daniel Clark* | */s/ Jason L. Margolin* |
| J. Daniel Clark (FBN 0106471) | Irene A. Bassel Frick (FBN 158739) |
| dclark@clarkmartino.com | Irene.basselfrick@akerman.com |
| 3407 W. Kennedy Boulevard | Jason L. Margolin (FBN 69881) |
| Tampa, FL 33609 | jason.margolin@akerman.com |
| Tel: 813-879-0700 | 401 East Jackson Street, Suite 1700 |
| | Tampa, Florida 33602 |
| **Counsel for Plaintiff** | Phone: 813.209.5009 |
| | Fax: 813.218.5488 |
| | |
| | **Counsel for Defendant** |

49960708;1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of August, 2019, a true and correct copy of the foregoing was filed with CM/ECF, which will serve a copy on all persons listed on the Service List below via electronic mail.

*/s/ Jason L. Margolin*
Attorney

## <u>SERVICE LIST</u>

**Counsel for Plaintiff**
J. Daniel Clark (FBN0106471)
Clark & Martino, P.A.
Primary E-mail: dclark@clarkmartino.com
Secondary E-mail: rsmith@clarkmartino.com
3407 W. Kennedy Boulevard
Tampa, FL 33609
Tel: 813-879-0700

David M. Caldevilla (FBN 654248)
de la Parte & Gilbert, P.A.
Primary email: dcaldevilla@dgfirm.com
Secondary email: serviceclerk@dgfirm.com
Post Office Box 2350
Tampa, Florida 33601-2350
Tel: 813-229-2775

Matthew A. Crist, FBN 0035539
Crist Legal | PA
cristm@cristlegal.com
606 East Madison Street
Tampa, FL 33602
Telephone: (813) 575-5200
Facsimile: (813) 575-2520

49960708;1

**Counsel for Defendant**
Akerman LLP
Marcy Levine Aldrich (FBN 0968447)
marcy.aldrich@akerman.com
Ari H. Gerstin (FBN 0839671)
ari.gerstin@akerman.com
Ross E. Linzer (FBN 73094)
ross.linzer@akerman.com
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Phone: (305) 374-5600
Fax: (305) 374-5095

Irene A. Bassel Frick (FBN 158739)
Irene.basselfrick@akerman.com
Jason L. Margolin (FBN 69881)
jason.margolin@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Phone: 813.209.5009
Fax: 813.218.5488

49960708;1